**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3699
_____

ANDREW MOYNIHAN; KAREN MOYNIHAN,
Appellants

v.

WEST CHESTER AREA SCHOOL DISTRICT; PENNSYLVANIA OFFICE FOR
DISPUTE RESOLUTION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-04388)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2020
Before:  AMBRO, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed:  August 3, 2020)
_____

OPINION[*]
_____

PER CURIAM

  Pro se appellants Andrew and Karen Moynihan appeal from the District Court's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

order dismissing their complaint for lack of subject matter jurisdiction. For the reasons discussed below, we will we will affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. Beginning in 2016, the Moynihans filed a series of administrative complaints with the Pennsylvania Office of Dispute Resolution ("ODR") against the West Chester Area School District (the "School District"). They claimed that the School District violated the Individuals with Disabilities Education Act, see 20 U.S.C. § 1400 et seq., by failing to provide their then-minor child, who has Asperger Syndrome and Social Anxiety Disorder, with a free appropriate public education ("FAPE") in his ninth, tenth, and eleventh grade school years. An administrative hearing officer denied the administrative claims in 2018.

The Moynihans, proceeding pro se, see Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 535 (2007), then filed a complaint in the District Court against the School District and ODR. The Moynihans requested that the District Court "reverse the Decisions of the [administrative hearing officer] as they are stated in Exhibit 'A' and find in our favor in all matters set forth therein." ECF No. 2 at 19. The exhibit indicated that the Moynihans had sought, among other relief, "reimbursement for . . . out of pocket expenses" incurred in the school years when their son was allegedly denied a

2

FAPE.  ECF No. 2 at 21.

The District Court granted ODR's motion to dismiss for failure to state a claim.[1] The District Court dismissed the remaining claims against the School District sua sponte for lack of subject matter jurisdiction, finding that the Moynihans had requested only injunctive relief, and that such claims for relief were mooted by their son's graduation. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  See D.F. v. Collingswood Borough Bd. of Educ., 694 F.3d 488, 495–96 (3d Cir. 2012).  We review de novo the District Court's dismissal for lack of subject matter jurisdiction.  See Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).  We construe the Moynihans' pro se complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## III.

To the extent that the complaint sought declaratory and injunctive relief, those claims were mooted by the graduation of the Moynihans' son.  See Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir. 2003) (explaining that, when a student challenges a school policy, "graduation typically moots her claim for injunctive or declaratory relief"); see also Brown v. Bartholomew Consol. Sch. Corp.,

---

[1] The Moynihans do not challenge the District Court's ruling that they failed to state a claim against ODR, and we will affirm that ruling.

3

442 F.3d 588, 598 (7th Cir. 2006); Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d 77, 91 (2d Cir. 2005). Thus, we will affirm the District Court's dismissal of those claims for lack of subject matter jurisdiction. See Donovan, 336 F.3d at 216.

However, the Moynihans argue that their pro se complaint also brought claims for reimbursement and for compensatory education; and, construing their complaint liberally, we agree. The Moynihans sought reimbursement in the administrative proceedings. See ECF No. 2 at 21. Thus, when they requested that the District Court "reverse the Decisions of the [administrative hearing officer] . . . and find in our favor in all matters set forth therein," ECF No. 2 at 19, the Moynihans incorporated their claims for reimbursement. Those claims are not moot. See Collingswood, 694 F.3d at 497–98 (holding "that a claim for compensatory education is not rendered moot by an out-of-district move"); see also Olu-Cole v. E.L. Haynes Pub. Charter Sch., 930 F.3d 519, 531 n.2 (D.C. Cir. 2019) (explaining that a student's graduation "does not affect our mootness analysis because [the student] remains eligible for compensatory education"); Brown, 442 F.3d at 597 (noting that several "circuits have held that a claim for 'reimbursement can defeat a mootness challenge'") (quoting Lillbask, 397 F.3d at 89). Thus, we will vacate the District Court's order in part and remand for further proceedings on those claims.

Accordingly, we will affirm the judgment of the District Court in part, vacate the judgment in part, and remand for further proceedings consistent with this opinion.